For the Petitioner:
 DAVID J. WENC, ESQUIRE Special Public Defender 5 North Main Street P.O. Box 306 Windsor Locks, Ct. 06096
For the Respondent:
 GERARD EISENMAN, ESQUIRE State's Attorney's Office 1061 Main Street Bridgeport, Ct. 06604
DECISION
THE COURT: Docket Number 00215, Jerry R. Mitchell, versus the Warden, the Court has considered a motion to dismiss the petition for a writ of habeas corpus made at the conclusion of the petitioner's case in chief.
First of all, the law is quite clear that the burden of proof in a habeas corpus petition is upon the petitioner to establish the underlying facts that form the basis of the claimed violations by a fair preponderance of the evidence. And the Court would cite the case of Arey versus Warden, A-R-E-Y versus Warden, 187 Connecticut 324 at page 331, a 1982 decision, as well as Blue versus Robinson, 173 Connecticut 360 at page 370, at 1977 petition.
In the first instance the Court feels that CT Page 8298 the State was most generous by allowing the petitioner to orally amend the petition because the petition failed to allege that there was no deliberate bypass of the appeal. The Court granted oral motion to amend to include the allegation of no deliberate bypass.
And as set forth in the case of Tyson, T-Y-S-O-N, versus the Warden at 24 ConnAp, page 729, a June 4th, 1991 decision, our Connecticut Appellate Court said the following: "We note that as a general proposition a petitioner in a habeas corpus proceeding must allege and prove by a fair preponderance of the evidence in the habeas court that he did not deliberately bypass the exercise of his right to direct appeal. That rule, however, has been modified to the extent that before we can deny the review of the petition, the record before us must disclose some reasonable basis for concluding that a convicted person has intelligently, understandingly and voluntarily waived his statutory right to appeal. Where, however, the habeas petition invokes a claim of ineffective assistance of counsel, the deliberate bypass rule is relaxed and any claim invoking ineffective assistance of counsel automatically satisfies the deliberate bypass requirement' so that the Court makes a specific finding that the petitioner has not deliberately bypassed his claims by way of direct appeal.
Now, let's go to the sum and substance of the petition. And I'm going to ask, by the way, that the court reporter please type up the entire transcript of this decision.
The writ of habeas corpus by Mr. Mitchell seeks a new trial because of the alleged ineffective assistance of both his trial counsel and post-trial counsel. First of all, he claims that his trial lawyer failed to bring out the fact that Mr. McClain faced a maximum term of imprisonment of sixty years. In a nutshell, this is a meritless claim.
Had he attempted to raise it in cross-examination, the State most likely would have objected to it and the Court, in this Court's opinion, would have sustained the objection. It seems to this Court also, it would be probably be more harmful to the petitioner had trial counsel brought out the fact that a co-accused in a felony CT Page 8299 murder situation where there were allegedly four participants in a murder, would have rung the bell to the jury that Mr. Mitchell was also facing sixty years, and probably would have made his road much more difficult to hoe than it already was.
In addition to that, the Court went through the transcript of the cross-examination of trial counsel of Mr. McClain, and the Court is of the opinion that trial counsel did an excellent job. For example, he brought out, on page sixty-seven of the transcript, that Mr. McClain pleaded guilty, that he was a participant, admittedly, in the crime, and at pages sixty-eight and seventy he brought out the fact that Mr. McClain was getting a reduction of five years because he agreed to testify against Mr. Mitchell. On page sixty-nine of the transcript trial counsel brought out the fact that of the four participants, McClain knew Mr. Mitchell the least of all. On pages seventy-eight and seventy-nine he brought out the fact that McClain was high on drugs, which may have affected his ability to recall specifics of the crime.
On pages eighty to eighty-one he even attempted to bring out non-felony convictions of Mr. McClain claiming that they were prior indications of the assaultive behavior. Unfortunately, he was not able to get too far with that. But one pages eighty-four and eighty-five the transcript would reveal that he did bring out prior felony convictions of Mr. McClain.
With respect to the claim that the trial lawyer failed to except to the Court's limiting cross-examination of Mr. McClain with respect to statements that McClain allegedly made to Officer Buchanan, the attempt by trial counsel to get in these purported statements was not through a statement that the witness, himself, gave to the police. Nor was it through any prior recorded testimony of the witness. Rather, trial counsel was attempting to bring out these alleged statements through prior recorded testimony of Officer Buchanan. The Court's ruling was proper. Trial counsel knew it. An exception would have been fruitless. No appellate court would have overturned this conviction on the basis of that.
Thirdly, the claim that the State's Attorney's CT Page 8300 final arguments were improper because he interjected his own personal opinion. Likewise, this claim has no merit.
State versus Findley, 198 Connecticut 328 at page 345, a 1986 decision of the Connecticut Supreme Court, states as follows: "Comments and arguments to a jury by counsel do not constitute error, unless they are pre judicial and deprive the defendant of a fair trial."
In reviewing the comments of the State's Attorney to the jury, the Court concludes that it was proper final argument, that it was not prejudicial to Mr. Mitchell; he was not deprived of a fair trial.
Now, with respect to the claim that the Public Defender's Office failed to file petitioner's claim for a new trial, first of all, the basis of his claim for a new trial was the alleged recantation of testimony of Mr. McClain, highly suspect to begin with.
Secondly, the recantation claim could have been made in the habeas petition, itself, and the Court notes that there was no claim made in this petition. Hence, the petitioner's redress was not exhausted by failure to file the petition for a new trial.
The Court knows of Attorney Schoenhorn's reputation, knows that Attorney Schoenhorn not one to shy away from difficult legal issues. And the Court makes specific note of petitioner's Exhibit Six — petitioner introduced it himself — in which Attorney Schoenhorn's opinion of that ground for a new trial was less than overwhelming.
Finally, looking at 52-270 of our Statutes, which is the cause for which new trials may be granted, the Statutes states the following: "The Superior Court may grant a new trial of any action that may be before it for mispleading, the discovery of new evidence, or want of actual notice of the action to any defendant, or of a reasonable opportunity to appear and defend when a just defense in whole or part existed. Or the wants of actual notice to any plaintiff of the entry of a non-suit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according CT Page 8301 to the usual rules in such cases."
The Court finds that this alleged retraction does not fall within the gambut or the purview of52-270, and probably doesn't even form the basis for a proper petition for a new trial.
Now, any claims relating to the effectiveness or ineffectiveness of counsel, at any level, brings us to the famous Strickland versus Washington decision, 466 United States 668,104 Supreme Court 2052, Eighty Lawyer's Edition Second, 1984 Supreme Court decision.
The two prongs are, one, that the petitioner must show that the assistance of counsel was, indeed, ineffective. And, two, that the ineffectiveness of the lawyer was of such significance as to put the outcome of the trial in serious doubt. In other words, he must have been significantly prejudiced.
The proper measure of counsel assistance is that the petitioner must show that it fell below an objective standard of reasonableness. The petitioner did not do so in this case. In fact, the petitioner failed to produce an expert witness in the criminal law to testify that anything that trial counsel did or post-trial counsel did was ineffective.
It seems to me that Mr. Mitchell expected to have a perfect trial. He has not entitled to a perfect trial. He got a fair trial. That's all the law requires.
When the Court considers all of the evidence that corroborated the testimony of Mr. McClain, including Pettway and Dorothy Ann Davis, the Court concludes that there was more than ample evidence to sustain his conviction. He obtained a fair trial. He has to live with that decision of the trier.
Therefore, the motion to dismiss the petition for writ of habeas corpus is granted.
Is there anything else, gentlemen?
MR. WENC: Well, to the extent that it's CT Page 8302 necessary, my exception. But I don't think it is. Just for the record, I'll put it on there.
THE COURT: Your exception may be noted for the record.
(At which time this hearing was adjourned.)